HONORABLE RICHARD A. JONES

1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
9                             AT SEATTLE

10   DABONA TANG,                          Case No.  2:25-cv-01473-RAJ-TLF

11                      Petitioner,        ORDER

12        v.

13   PAMELA BONDI, Attorney
     General of the United States;
14   KRISTI NOEM, Secretary, United
     States Department of Homeland
15   Security; DREW BOSTOCK,
     Seattle Field Office Director, United
16   States Citizenship and Immigration
     Services; WARDEN
17   of Immigration Detention Facility;
     and the United States Immigration
18   And Customs Enforcement,

19                      Respondents.

20              **I.      INTRODUCTION**

21        THIS MATTER comes before the Court on Petitioner Dabona Tang's motion for

22   temporary retraining order, dkt. # 20, and the Federal Respondents' motion to strike Mr.

23   Tang's motion for preliminary injunction, dkt. # 17. [1]   The Court has reviewed the

24   _____

25   [1] "Respondents" refer to all respondents in this case.  "Federal Respondents" refer to all
     respondents except the warden of the Northwest ICE Processing Center.
26

ORDER - 1

motions, the submissions in support of and in opposition to the motions, and the balance of the record.  For the reasons set forth below, the Court **DENIES** Mr. Tang's request for immediate release from custody under a temporary restraining order, but sets expedited briefing on Mr. Tang's pending motion for preliminary injunction, dkt. # 16, as detailed below.  The Court **DENIES** the Federal Respondents' motion to strike.

## II.    PROCEDURAL HISTORY

Mr. Tang challenges his current detention at the Northwest ICE Processing Center as unconstitutional and unlawful, and moves the Court for a temporary restraining order directing his immediate release from custody.  Dkt. # 20.  The Court will summarize Mr. Tang's immigration history and other relevant factual background in a future order, but will limit the discussion here to the procedural history of this case.

On May 21, 2025, United States Immigration and Customs Enforcement detained Mr. Tang when he appeared for a scheduled check in.  Dkt. # 20-1 ¶ 4.  On August 5, 2025, Mr. Tang filed a petition for writ of habeas corpus challenging his detention and requesting that the Court order his release.  Dkt. # 1.  On August 7, 2025, Magistrate Judge Fricke ordered Respondents to file a return by September 8, 2025 (within 30 days of the order).  Dkt. # 5.  The order further stated the return will be treated in accordance with LCR 7(d)(4) and noted for consideration no earlier than 28 days after it is filed.  *Id.*

Mr. Tang filed a motion to expedite.  Dkt. # 7.  He argued Magistrate Judge Fricke's order—giving Respondents 30 days to file a return and the parties another 28 days to fully brief the matter—prolonged Mr. Tang's detention and was contrary to the purpose of habeas corpus as a speedy remedy to challenge unlawful detentions.  *Id.*  On August 14, 2025, Magistrate Judge Fricke issued an order to show cause why Respondents cannot file their return by August 25, 2025 (two weeks earlier than the date set out in the original order).  Dkt. # 8.  As directed, the Federal Respondents filed their

ORDER - 2

1   return and motion to dismiss on August 25, 2025 and noted the motion for September 22,

2   2025.  Dkt. # 12.

3          On August 29, 2025, Mr. Tang filed a motion for preliminary injunction seeking

4   an order requiring his release from custody and for other relief.  Dkt. # 16.  On the same

5   day, the Federal Respondents filed a motion to strike Mr. Tang's motion for preliminary

6   injunction.  Dkt. # 17.  They argued, among other things, that the motion seeks remedy

7   that is duplicative of what will be addressed by resolution of the pending petition and

8   motion to dismiss.  *Id.*  Moreover, they argued the motion delays proceedings because

9   pursuant to LCR 7(d)(4), it is noted for September 26, 2025, four days after the motion

10  to dismiss noting date.  *Id.*  In response, Mr. Tang argued emergency relief before

11  adjudication of the pending petition and motion to dismiss is critical because he suffers

12  irreparable harm every day he is unlawfully detained.  Dkt. # 18.

13         On September 2, 2025, Mr. Tang filed a motion for temporary restraining order

14  ("TRO").  Dkt. # 20.  He represents the motion is substantively identical to the motion

15  for preliminary injunction but was filed to "address concerns raised in Respondents'

16  Motion to Strike."  *Id.* at 1.  On the same day, the Federal Respondents filed a notice of

17  intent to oppose Mr. Tang's motion for TRO.  Dkt # 21.  They asked the Court to deny

18  the TRO motion without a response, or allow Federal Respondents "meaningful time to

19  respond."  Dkt. # 21.  Mr. Tang responded, asking the Court to order Respondents to file

20  a TRO response by the end of the week.  Dkt. # 22.

21                          **III.    DISCUSSION**

22         A TRO is "an extraordinary remedy that may only be awarded upon a clear

23  showing that the plaintiff is entitled to such relief."  *Winter v. Nat'l Res. Def. Council,*

24  *Inc.*, 555 U.S. 7, 22 (2008).  "Although the standard for obtaining a [TRO] and a

25  preliminary injunction is identical, they serve fundamentally different purposes."

26

ORDER - 3

*Nguyen v. Scott*, No. 25-cv-1398, 2025 WL 2165995, at \*6 (W.D. Wash. July 30, 2025).

"The purpose of a [TRO] is to preserve an existing situation in status quo until the court

has an opportunity to pass upon the merits of the demand for a preliminary injunction."

*Id.* TROs are thus "restricted to serving their underlying purpose of preserving the status

quo and preventing irreparable harm just so long as is necessary to hold a hearing and no

longer." *Id.* A TRO is not designed to replace the "thorough consideration contemplated

by full proceedings pursuant to a preliminary injunction." *Id.*

In *Nguyen*, a case challenging a petitioner's detention under similar

circumstances, Judge Cartwright denied the petitioner's request for immediate release

under a TRO but ordered expedited briefing for a motion for preliminary injunction. *Id.*,

at \*9–10. Judge Cartwright explained that "[b]ecause Petitioner's request for release

from detention is the same relief ultimately sought by his habeas petition . . . it falls

outside the limited purpose of a TRO and should instead be decided either after a

preliminary injunction hearing or through regular adjudication of the habeas petition

itself." *Id.*, at \*7. Judge Cartwright further noted that "[w]hile there could be

circumstances where a petitioner's detention is so obviously unconstitutional that release

should be granted on an emergency basis, that is not the case here." *Id.*

Here, like in *Nguyen*, the Court finds a TRO is not the appropriate vehicle to

adjudicate Mr. Tang's request for immediate release from custody and denies the motion

on that basis. However, the Court finds, in its discretion, that expedited briefing of Mr.

Tang's pending motion for preliminary injunction is appropriate. As of this order, Mr.

Tang has been detained for more than three months and will at minimum be detained for

a further three weeks if his case is heard on the current briefing schedule. On the other

hand, the Federal Respondents have been on notice of Mr. Tang's petition since August

5, 2025 and have already filed a motion to dismiss that they acknowledge covers much

ORDER - 4

of the same ground as Mr. Tang's request for emergency relief.  On balance, the Court finds that ordering a one week briefing schedule for Mr. Tang's preliminary injunction motion will ensure efficient resolution of Mr. Tang's constitutional challenges while giving Respondents adequate time to present their opposition.

### IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. Tang's motion for temporary restraining order, dkt. # 20.

The Court **ORDERS** expedited briefing on Mr. Tang's motion for preliminary injunction, dkt. # 16, as follows:  Respondents shall file their response to the motion for preliminary injunction by no later than September 10, 2025.  No reply is required.

The Court **DENIES** Federal Respondents' motion to strike the motion for preliminary injunction, dkt. # 17.


Dated this 3rd day of September, 2025.

The Honorable Richard A. Jones
United States District Judge

ORDER - 5